### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**MARGARET COYAZO-HERNANDEZ and SUE RAYBON**,

    Plaintiffs,

vs.                                    No. **CIV-04-392 MCA/RHS**

**AMERICAN HOME PRODUCTS CORP., INTERNEURON PHARMACEUTICALS, INC., et al.,**

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant *Wyeth's Motion for Summary Judgment* [Doc. 11], filed July 28, 2004. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants Wyeth's motion.

### I. BACKGROUND

On March 31, 2003, Plaintiffs Margaret Coyazo-Hernandez and Sue Raybon filed their *Complaint for Tort, Products Liability, Personal Injury Non Auto, Negligence, Breach of Warranty, Fraud* against, *inter alia*, Wyeth-Ayerst Laboratories ("Wyeth"). [Doc. 1, Exh. A]. Plaintiffs allege that Wyeth manufactured the prescription diet drugs Fenfluramine, Dexfenfluramine, and Pondimin ("the Fen-Dexfen drugs"). [See id., Exh. A at 7-9]. Plaintiffs also allege that the Fen-Dexfen drugs as manufactured, displayed, and distributed

were dangerous and unsafe and that as a result of their ingestion of those drugs they have suffered various physical injuries and severe mental pain and suffering and have incurred and will continue to incur medical expenses in an effort to treat their injuries.  [Id., Exh. A at 9]. The *Complaint* asserts claims for negligence, breach of implied and express warranties, fraud, and strict products liability.  [See generally id., Exh. A].

Wyeth has moved for summary judgment. [Docs. 11, 18].  According to Wyeth, the instant action is precluded by the *Agreed Final Judgment of Dismissal with Prejudice as to Less than All Parties* ("the Agreed Final Judgment"), which was entered in prior diet-drug litigation in the Circuit Court of Jefferson County, Mississippi and to which both Coyazo-Hernandez and Raybon were parties.  [See generally Doc. 12 and Exh. B, "Agreed Final Judgment of Dismissal with Prejudice as to Less than All Parties," filed Oct. 24, 2001].  The Mississippi action was styled Sandra Perry v. Wyeth-Ayerst Laboratories Co., et al., Civ. No. 99-0089 ("the Perry litigation"), and involved claims of negligence, strict products liability, and breach of warranty based on Wyeth's manufacture of the drugs Fenfluramine, Dexfenfluramine, and Phentermine, which were prescribed to and taken by a class of plaintiffs including Coyazo-Hernandez and Raybon. [See id., Exh. A].  Wyeth contends that because the parties and claims in the instant action are identical to the parties and claims in the Perry litigation, summary judgment on the basis of res judicata is appropriate. [Doc. 11].

In response, Plaintiffs insist that they are not precluded from asserting the instant claims because they did not approve of or consent or agree to any final settlement with Wyeth in the Perry litigation.  Plaintiffs question the legitimacy of the Agreed Final

2

Judgment inasmuch as they claim to have received no money or other consideration from the settlement. [Doc. 14]. Because they have not been compensated, Plaintiffs suggest that Wyeth approaches the instant action with unclean hands and therefore should not be permitted to benefit from the equitable doctrine of res judicata. [Docs. 14, 15]. Finally, Plaintiffs contend that to apply the doctrine of preclusion in this case would "defeat the ends of justice" by denying Plaintiffs both a recovery and a trial by jury. [Doc. 15 at unnumbered 4].

Wyeth replies that the Final Agreed Judgment properly dismissed with prejudice Plaintiffs' claims and therefore Plaintiffs are precluded from reasserting those claims now. Wyeth also argues that Plaintiffs are bound by the acts and omissions of their attorneys in the Perry litigation and that if Plaintiffs are dissatisfied with that representation they should take action against those attorneys. Rejecting Plaintiffs' position that they will have no recourse if summary judgment is granted, Wyeth suggests that Plaintiffs consider a breach-of-contract action against counsel in the Perry litigation. [Doc. 16].

## II. ANALYSIS

### A. Fed.R.Civ.P. 56

Summary judgment under Fed.R.Civ.P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "When a motion for summary judgment is made and supported as provided in this rule, an adverse

party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed.R.Civ.P. 56(e). Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Id. Judgment is appropriate as a matter of law if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

### B. Res Judicata

Res judicata, or claim preclusion, is a common-law principle that bars a party from raising a claim that was actually decided or could have been decided in a previous action that has resulted in a final and valid judgment on the merits. Res judicata is sometimes described as a tool used to prevent a party from having "two bites at the apple." Kenmen Engineering v. City of Union, 314 F.3d 468, 479 (10th Cir. 2002); see also Ford v. New Mexico Dept. of Public Safety, 891 P.2d 546, 548 (N.M.App. 1994) ("One theme permeating the law of judgments is that a litigant is ordinarily not entitled to more than one fair bite at the apple."). At its core, the doctrine of res judicata is designed to ensure finality of judicial decisions. Brown v. Felsen, 442 U.S. 127, 131 (1979) ("Res judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.").

For the doctrine to apply, the following three elements must be satisfied: (1) the first suit must have proceeded to a final judgment on the merits; (2) the parties must be identical or in privity; and (3) the suits must be based on the same cause of action. Clark v. Haas Group, Inc., 953 F.2d 1235, 1236 (10th Cir.), *cert. denied* 506 U.S. 832 (1992); see also

4

Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1202 (10th Cir. 2000). Determining what constitutes "the same cause of action" is not always easy. In an effort to simplify the process, the Tenth Circuit has adopted the transactional approach of the Restatement (Second) of Judgments. Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335 (10th Cir. 1988). Under that approach

> [w]hat factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982). As a number of other circuits do, the Tenth Circuit treats a voluntary dismissal with prejudice as a judgment on the merits when the court's order is entered pursuant to a settlement agreement. Brooks v. Barbour Energy Corp., 804 F.2d 1144, 1146 (10th Cir. 1986); see also Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004); Marvel Characters, Inc. v. Simon, 310 F.3d 280, 287 (2nd Cir. 2002); Larken, Inc. v. Wray, 189 F.3d 729, 732 (8th Cir. 1999); Langton v. Hogan, 71 F.3d 930, 935 (1st Cir. 1995); Matter of West Texas Mktg. Corp., 12 F.3d 497, 502 (5th Cir. 1994).

### C. Wyeth's Motion for Summary Judgment

In light of the foregoing and having considered the arguments advanced by Wyeth and Plaintiffs, the Court concludes that the Agreed Final Judgment entered in the Perry litigation is entitled to preclusive effect and, therefore, Plaintiffs' claims against Wyeth are barred by

5

the doctrine of res judicata. Taking in reverse order the three elements detailed above, the Court determines that the instant claims either were or could have been raised in the Perry litigation. It is undisputed that Plaintiffs previously asserted claims for negligence, breach of implied warranty, and strict products liability. [Compare Doc. 12, Exh. A, "Fourth Amended Complaint," 99cv0089, Circuit of Jefferson County, MS at 7-9, 21-22 with Doc. 1, Exh. A, "Complaint for Tort, Products Liability, Personal Injury Non Auto, Negligence, Breach of Warranty, Fraud" at 10-13, 27-28]. Although Plaintiffs now raise two additional claims—fraud[1] and breach of express warranty—that they arguably did not assert in the Perry litigation, those claims are barred because they arise from the same transaction that gave rise to the Perry litigation and, therefore, could and should have been raised earlier. See Robinson v. Volkswagenwerk AG, 56 F.3d 1268, 1275 (10th Cir. 1995) (claims for negligence and breach of warranty barred where they arose from same transaction that gave rise to plaintiffs' previous products-liability action).

The "transaction" in this case was Plaintiffs' ingestion of allegedly unsafe prescription diet drugs that were manufactured by Wyeth. See Clark, 953 F.2d at 1239 (where plaintiff brought employment-discrimination action after previously suing same defendant/employer under Fair Labor Standards Act, "transaction" was plaintiff's employment with defendant).

---

[1] Though not captioned as a claim for fraud, Count V in the Fourth Amended Complaint filed in the Perry litigation purported to set forth a claim for negligent misrepresentation. [See Doc. 12, Exh. A, "Fourth Amended Complaint" at 22]. Despite the fact that Count V was so styled, Plaintiffs therein alleged that "[d] rug [c]ompany Defendants *intended* by [their] misrepresentation to induce plaintiffs and the general public to purchase the [diet] drugs." [Id. at 22-23] (emphasis added).

This action and the Perry litigation clearly are "related in time, space, origin, or motivation." RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982).  Additionally, the claims asserted here and in the Perry litigation form "a convenient trial unit," id., inasmuch as they and the supporting legal theories are predicated on the harm Plaintiffs sustained as a result of the wrongful conduct of Wyeth and others in allegedly manufacturing and distributing unsafe prescription diet drugs.  Finally, treating as a unit the claims raised here and those asserted in the Perry litigation would likely conform to the parties' expectations, since consolidation would prevent piecemeal litigation and unnecessary litigation costs.  See May v. Parker-Abbott Transfer and Storage, Inc., 899 F.2d 1007, 1010 (10th Cir. 1990).  Accordingly, element (3)—that the suits be based on the same cause of action—is established.  See Clark, 953 F.2d at 1236.

It also is apparent that Plaintiffs and Wyeth were parties in the Perry litigation. Wyeth was both a named and the lead defendant in that case. [See Doc. 12, Exh. A, "Fourth Amended Complaint"].  Margaret Coyazo-Hernandez is identified as Plaintiff #382 and Sue Raybon is identified as Plaintiff #471 in the Perry litigation.  [Id., Exh. E].  Furthermore, Coyazo-Hernandez and Raybon are named as "Perry Plaintiffs" in an attachment to the Agreed Final Judgment.  [Id., Exh. B].  Thus, element (2)—identity of the parties—is established.  See Clark, 953 F.2d at 1236.

The Court now turns to the final element—the existence of a final judgment on the merits—that must be satisfied before the doctrine of res judicata may be invoked as a bar against newly asserted claims.  Plaintiffs deny the legitimacy and, consequently, the

7

enforceability of the Final Agreed Judgment. [See Doc. 14 at 4]. According to Plaintiffs, there has been no settlement between them and Wyeth, as illustrated by the fact that "Wyeth has produced no evidence that it has paid any sum whatsoever to these plaintiffs . . . ." [Doc. 15 at unnumbered 4]. It is Plaintiffs' position that, because there has been no settlement agreement, "there can be no res judicata effect." [Id.].

The documentary evidence in this case belies Plaintiffs' argument. On October 24, 2001, the Agreed Final Judgment was filed in the Circuit Court of Jefferson County, Mississippi. [Doc. 12, Exh. B]. Plaintiffs Coyazo-Hernandez and Raybon are identified as two of the settling plaintiffs. [Id.]. Mark W. Davis and Ron M. Feder signed the Agreed Final Judgment as attorneys for plaintiffs. [Id.]. A represented party is deemed bound by the acts and omissions of his lawyer-agent. Link v. Wabash R.R. Co., 370 U.S. 626, 633-634 (1962); see also Gripe v. City of Enid, Okl., 312 F.3d 1184, 1189 (10th Cir. 2002). Where the attorney's performance falls below accepted professional standards, the client's remedy is a suit against the attorney for malpractice. Gripe, 312 F.3d at 1189 (*quoting* Link, 370 U.S. at 634 n.10). Plaintiffs in this case are aware of their right to pursue a malpractice action against their attorneys in the Perry litigation, as evidenced by the *Complaint[s] for Damages for Breach of Contract, Breach of Fiduciary Duty, Negligence, Intentional Misconduct and other Claims* that they have filed against Davis, Feder, and others in separate proceedings currently before this Court. [See Dkts. in cases 04cv1207 and 04cv1208].

Plaintiffs insist that the Agreed Final Judgment is invalid and unenforceable.

8

However, it does not escape this Court's attention that Plaintiffs could have moved the Jefferson County, Mississippi Circuit Court to set the Judgment aside.  Rule 60(b) of the Mississippi Rules of Civil Procedure allows a court to relieve a party from a final judgment or order for reasons including, but not limited to, fraud, misrepresentation, or other misconduct of an adverse party; accident or mistake; and voidness.  See MS R.Civ.P. 60; see also Telephone Man, Inc. v. Hinds County, 791 So.2d 208, 210-212 (Miss. 2001) (reversing trial court's denial of Plaintiff's motion to set aside agreed order that was entered pursuant to settlement agreement that had been forged by disbarred attorney).

Because there exists a final judgment on the merits in the Perry litigation, Plaintiffs here and Wyeth were parties to that litigation, and both the instant action and the Perry litigation are based on the same cause of action, the Court concludes that Wyeth's motion for summary judgment on the basis of res judicata should be granted.  See Clark, 953 F.2d at 1236.

## III. CONCLUSION

For the reasons stated above, the Court finds that  the Agreed Final Judgment entered in the Circuit Court of Jefferson County, Mississippi in the Perry litigation is entitled to preclusive effect.  Thus, Plaintiffs' instant claims against Wyeth are barred by the doctrine of res judicata.  Wyeth's motion for summary judgment will be granted.

**IT IS, THEREFORE, ORDERED** that *Wyeth's Motion for Summary Judgment* [Doc. 11] is GRANTED;

**SO ORDERED** this 19th day of January, 2005, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge