IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARET COYAZO-
HERNANDEZ and SUE RAYBON,

      Plaintiffs,

vs.                                        No. **CIV-04-392 MCA/RHS**

**AMERICAN HOME PRODUCTS
CORP., INTERNEURON
PHARMACEUTICALS, INC.,
et al.**,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' *Motion to Reconsider Memorandum and Order Granting Summary Judgment* [Doc. 27], filed February 3, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies the motion.

### I. BACKGROUND

A more complete recitation of the factual background of this case is set forth in the Court's January 19, 2005 *Memorandum Order and Opinion* granting *Wyeth's Motion for Summary Judgment*. [Doc. 24]. That factual background is considered herein for purposes of the pending motion and need not be repeated. However, for purposes of the motion presently before the Court it should be noted that on March 31, 2003, Plaintiffs Margaret Coyazo-Hernandez and Sue Raybon filed their *Complaint for Tort, Products Liability,*

*Personal Injury Non Auto, Negligence, Breach of Warranty, Fraud* against, *inter alia*, Wyeth-Ayerst Laboratories ("Wyeth"). [Doc. 1, Exh. A]. Plaintiffs alleged that Wyeth manufactured the prescription diet drugs Fenfluramine, Dexfenfluramine, and Pondimin ("the Fen-Dexfen drugs"). [See id., Exh. A at 7-9]. Plaintiffs also alleged that the Fen-Dexfen drugs as manufactured, displayed, and distributed were dangerous and unsafe and that as a result of their ingestion of those drugs they have suffered various physical injuries and severe mental pain and suffering and have incurred and will continue to incur medical expenses in an effort to treat their injuries. [Id., Exh. A at 9]. The *Complaint* asserted claims for negligence, breach of implied and express warranties, fraud, and strict products liability. [See generally id., Exh. A].

Wyeth successfully moved for summary judgment on the ground that Plaintiffs' action was precluded by the *Agreed Final Judgment of Dismissal with Prejudice as to Less Than All Parties* ("the Agreed Final Judgment"), which was entered in prior diet-drug litigation in the Circuit Court of Jefferson County, Mississippi and to which both Coyazo-Hernandez and Raybon were parties. [Docs. 11, 18, 24, 25; see also Doc. 12 and Exh. B, "Agreed Final Judgment of Dismissal with Prejudice as to Less than All Parties," filed Oct. 24, 2001]. The Mississippi action was styled Sandra Perry v. Wyeth-Ayerst Laboratories Co., et al., Civ. No. 99-0089 ("the Perry litigation"), and involved claims of negligence, strict products liability, and breach of warranty based on Wyeth's manufacture of the drugs Fenfluramine, Dexfenfluramine, and Phentermine, which were prescribed to and taken by a class of plaintiffs including Coyazo-Hernandez and Raybon. [See id., Exh. A]. Wyeth had also

2

argued that Plaintiffs were bound by the acts and omissions of their attorneys in the Perry litigation. [Doc. 16].

Plaintiffs now seek reconsideration of the Court's January 19, 2005 *Memorandum Order and Opinion* granting *Wyeth's Motion for Summary Judgment*. [Doc. 27; see also Doc. 24]. Plaintiffs assert that the Agreed Final Judgment in the Perry litigation is not entitled to full faith and credit because it was entered without notice to them. According to Plaintiffs, they were no longer represented by counsel at the time the Agreed Final Judgment was entered. They contend that notice to their former attorneys is not the equivalent of notice to them. [Doc. 28]. Plaintiffs argue that they cannot be bound by the actions of discharged attorneys and in support of their position have attached affidavits stating that, although they were at one time plaintiffs in the Perry litigation, they had either fired (Raybon) or been fired by (Coyazo-Hernandez) their attorneys at the time the matter was settled and the Agreed Final Judgment was entered. [Id., attached affidavits of Sue Raybon and Margaret Coyazo-Hernandez[1]]. Wyeth opposes Plaintiffs' motion.[2] [See generally Doc. 35].

## II. ANALYSIS

The Federal Rules of Civil Procedure do not expressly recognize motions for

---

[1] Although the affidavits bear dates of August 4, 2005, the Court assumes that "2005" is a typographical error and that the affidavits were actually executed in 2004.

[2] Wyeth treats Plaintiffs' motion for reconsideration as a motion for relief from judgment pursuant to Rule 60(b). [See Doc. 35 at 2-4]. For reasons explained in this memorandum, the Court believes that Plaintiffs' motion is more properly viewed as a Rule 59(e) motion to alter or amend a judgment.

"reconsideration." Instead, depending on when the motion is filed, it is treated either as a Rule 59(e)[3] motion to alter or amend the judgment or a Rule 60(b)[4] motion for relief from the judgment. Computerized Thermal Imaging, Inc. 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). In this case, because Plaintiffs filed their motion on February 3, 2005, ten days within the entry on the docket of the Court's order granting Wyeth's motion for summary judgment, Plaintiffs' motion is treated as one brought pursuant to Rule 59(e). See id.; see also Fed.R.Civ.P. 6(a) (explaining computation of time periods under Rules).

"A motion for reconsideration is an extreme remedy to be granted in rare circumstances." Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir. 1995). The decision to grant reconsideration is committed to the sound discretion of the district court, which, in exercising that discretion, considers whether there has been (1) an intervening change in the law, (2) new evidence, or (3) the need to correct clear error or to prevent manifest injustice. Id. Thus, while a motion for reconsideration may be appropriate where the district court has misapprehended the facts, a party's position, or the controlling law, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

---

[3] A motion filed within ten days of the district court's entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e). Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

[4] A motion filed more than ten days after entry of judgment is treated as a motion for relief from judgment under Rule 60(b). Computerized Thermal Imaging, Inc., 312 F.3d at 1296 n.3.

4

Plaintiffs here do not specify on what ground they seek reconsideration of the order granting Wyeth's motion for summary judgment. However, they have attached to their supporting memorandum affidavits in which they declare that they either fired or were fired by their attorneys by the time the Agreed Final Judgment was executed, as well as a series of e-mail messages written and sent between June 7, 2004 and August 18, 2004 and purporting to confirm that they were not represented by the attorney who signed the Agreed Final Judgment on behalf of the settling plaintiffs in the Perry litigation. [Doc. 28, attachments]. The Tenth Circuit has held that in order to supplement a Rule 59(e) motion with additional evidence "such as an affidavit[,]" the movants must show either that the evidence is newly discovered, or, if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence. Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994).

The Court does not believe that the series of e-mail messages now relied upon by Plaintiffs constitutes newly discovered evidence for purposes of Rule 59(e). As Wyeth points out, the latest of these messages purports to have been sent on August 18, 2004. [See Doc. 28, attachments; Doc. 35 at 3]. Plaintiffs filed their response to Wyeth's summary-judgment motion on August 24, 2004. [See Docs. 14, 15]. It therefore appears that this evidence was available at the time summary judgment was granted. See Webber, 43 F.3d at 1345. Additionally, the Court has carefully reread *Plaintiffs Coyazo-Hernandez and Raybon's Response in Opposition to Wyeth's Motion for Summary Judgment* [Doc. 14] and *Plaintiffs Coyazo-Hernandez and Raybon's Memorandum in Opposition to Wyeth's Motion*

5

*for Summary Judgment* [Doc. 15] and can find no allegation in either document that Plaintiffs were not represented by counsel when the Agreed Final Judgment was entered. [See generally Docs. 14, 15]. Instead, Plaintiffs' position at the summary-judgment stage of these proceedings was that they never assented to the settlement agreement that gave rise to the Agreed Final Judgment and that the Agreed Final Judgment is invalid as to them because they never received any money or other consideration in exchange. [See generally id.]. Nor do the affidavits attached to their *Response* suggest that Plaintiffs were unrepresented at the time of entry of the Agreed Final Judgment. Instead, both Plaintiffs swore and affirmed that "[a]lthough I was a plaintiff in the Perry case, I have never received any settlement money from any defendant, nor have I ever agreed to any final settlement with . . . Wyeth-Ayerst or any other diet drug defendant." [Doc. 14, attached August 23, 2004 affidavits of Sue Raybon and Margaret Coyazo-Hernandez].

Plaintiffs' current position—that the Agreed Final Judgment is invalid and thus not recognizable[5] in this Court—is no different from the position they took at the summary-judgment stage. [See Docs. 14, 15]. "[R]evisiting . . . issues already addressed 'is not the purpose of a motion to reconsider,' and 'advanc[ing] new arguments or supporting facts

---

[5] In their *Motion for Reconsideration*, Plaintiffs frame the issue by reference to the Full Faith and Credit Clause of the United States Constitution. [See generally Doc. 28]. In their response to Wyeth's motion for summary judgment, Plaintiffs focused on the doctrine of res judicata. [See generally Docs. 14, 15]. Couching the reconsideration issue in terms of the Full Faith and Credit Clause, however, does not change the Court's conclusion that Plaintiffs are merely attempting to revisit a previously addressed issue. For a discussion of the use of res judicata in the federal courts see 18B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4467 (2d ed. 1987). See also Strickland v. City of Albuquerque, 130 F.3d 1408, (10th Cir. 1997).

6

which were otherwise available for presentation when the original summary judgment motion was briefed' is likewise inappropriate." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), *quoting* Van Skiver v. United States, 751 F.Supp. 1522, 1523 (D.Kan. 1990). Because Plaintiffs are seeking to revisit an issue that has already been addressed, albeit with supporting facts different from those advanced at the summary-judgment stage of these proceedings, their *Motion for Reconsideration* will be denied.

## III. CONCLUSION

As explained above, the Court concludes that Plaintiffs' *Motion for Reconsideration* is an attempt to revisit issues already addressed and to advance arguments that Plaintiffs could have raised earlier. Such is not the purpose of a motion for reconsideration. Nor have Plaintiffs presented newly discovered evidence that was unavailable at the time summary judgment was granted. For these reasons, Plaintiffs' motion must be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Motion to Reconsider Memorandum and Order Granting Summary Judgment* [Doc. 27], is DENIED.

**SO ORDERED** this 28th day of February, 2005, in Albuquerque, New Mexico.

                                                    **M. CHRISTINA ARMIJO**
                                                    United States District Judge